IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANDREW MORGAN**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 5:24-cv-00017-DCB-BWR**

**STATE OF MISSISSIPPI**   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Andrew Morgan is an inmate housed at the East Mississippi Correctional Facility in Meridian, Mississippi. Envelope [18-10]. Plaintiff originally filed his claims by a Petition for Writ of Habeas Corpus on August 14, 2023, in which he requested both "release from custody" and "money relief . . . for los[t] wages, suffering, and time." *Morgan v. Cain*, No. 5:23-cv-00075-KS-MTP (S.D. Miss. Aug. 14, 2023) (Doc. 8 at 15). On February 28, 2024, the Court severed Plaintiff's habeas claims from his non-habeas claims and opened this case to adjudicate his "claims for damages" under 42 U.S.C. § 1983. Order [1] at 1. Plaintiff names the State of Mississippi as Defendant, and he is proceeding *in forma pauperis*. Order [16]. For the following reasons, the Court finds that Plaintiff's claims should be dismissed with prejudice as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### I. BACKGROUND

Plaintiff was indicted by an Adams County Grand Jury in August 2018, for grand larceny in violation of Mississippi Code § 97-17-41. Am. Pet. [2] at 2, 14 (Indictment). Plaintiff entered a guilty plea in May 2019, and was sentenced as a habitual offender to serve a term of ten years in the custody of the Mississippi Department of Corrections. Am. Pet. [2] at 3, 13 (Guilty Plea and Sentencing Order). He later "petitioned [the] Adams County Circuit Clerks for parole

eligibility," but his request was denied based on his "extensive criminal history." Am. Pet. [2] at 3, 21-22 (Order Denying Parole Eligibility). His requests for post-conviction relief have also been denied. *See* Am. Pet. [2] at 3, 25-26 (Order Denying Motion to Vacate Conviction With Prejudice Due to Illegal Sentence). Plaintiff's conviction and sentence have not been reversed, expunged, or otherwise declared invalid or called into question. Resp. [18] at 1.

Plaintiff now claims that he was illegally sentenced because he was "sentenced in a court of law before he was . . . indicted." Am. Pet. [2] at 9. He also claims that the trial judge altered an affidavit in his underlying criminal case to support the alleged illegal sentence. Am. Compl. [3] at 5, 7; Resp. [18] at 1. Plaintiff seeks the "maxi[m]um compensation" for his "loss of wages [and] quality of life." Am. Pet. [2] at 4.

## II. DISCUSSION

### A. Prison Litigation Reform Act ("PLRA")

Because Plaintiff is proceeding *in forma pauperis*, this case is subject to the case-screening procedures outlined in the PLRA, 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B).

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Perry v. Tex. Dep't of Crim. Justice*, 275 F. App'x 277, 278 (5th Cir. 2008) (quotation and brackets omitted). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they rise to the level of the irrational

2

or the wholly incredible." *Id*. (quotation omitted). "A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guthrie v. Dodson*, No. 1:22-cv-00128-TBM-RPM, 2022 WL 16857056, at *1 (S.D. Miss. Nov. 10, 2022) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Having conducted the required screening, the Court finds that Plaintiff's claims should be dismissed.

### B. Analysis

Plaintiff's claims are not cognizable for three reasons. *First*, he named the State of Mississippi as the sole Defendant, Am. Pet. [2] at 1, and he insists that it remain as Defendant, Resp. [18] at 1. But "[t]he State of Mississippi is not a person within the meaning of § 1983 and is thus not amenable to suit under the statute." *Guthrie*, 2022 WL 16857056, at *4 (quotation and ellipsis omitted). Even had Plaintiff named a proper defendant, his claims still fail for the reasons that follow.

*Second*, Plaintiff's claims are time-barred. "[D]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation omitted). A complaint barred by the statute of limitations is properly dismissed as legally frivolous under § 1915. *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010).

There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id*. at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Whittington v. City of McComb*, No. 5:15-cv-00052-DCB-MTP, 2016 WL 8223427, at *3 (S.D. Miss. Nov. 23, 2016) (citing MISS. CODE ANN. § 15-1-49).

While Mississippi law governs the applicable limitations period, federal law governs when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues when a plaintiff has "a complete and present cause of action." *Id*. (quotation omitted). The limitations period begins to run when a person "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quotation and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).

Under these principles, Plaintiff's claims accrued at the latest by August 2019, when he believes that he was finally indicted. Resp. [18] at 1. Thus, the period for filing his claims expired in August 2022. Plaintiff filed his Petition for Writ of Habeas Corpus in Case No. 5:23-cv-00075-KS-MTP on August 14, 2023—a full year after the applicable statute of limitations expired. These claims are time-barred.

*Third*, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck*-barred claims are properly dismissed as both legally frivolous and for failure to state a claim. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss.

4

Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). "This requirement or limitation has become known as the favorable termination rule." *Id*. (quotation omitted).

Plaintiff asks the Court to conclude that he was sentenced before he was indicted and that his trial judge altered the documents in his underlying criminal case to justify that mistake. Am. Pet. [2] at 9; Am. Compl. [3] at 5, 7; Resp. [18] at 1. But claims that a prisoner "was illegally sentenced" necessarily violate the *Heck* doctrine. *See Ellis v. Dunn*, No. 3:14-cv-00994-DPJ-FKB, 2015 WL 6554739, at *4 (S.D. Miss. Oct. 29, 2015). And Plaintiff admits that his sentence does not satisfy *Heck*'s favorable-termination rule. Resp. [18] at 1. That is, his sentence has not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *See Heck*, 512 U.S. at 487. This case must be dismissed with prejudice as frivolous and for failure to state a claim until the *Heck* conditions are

5

met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

This dismissal counts as a "strike" under 28 U.S.C. § 1915(g), despite that Plaintiff's § 1983 claims were severed from his original habeas claims.  *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) ("There is no compelling reason to excuse Patton's frivolous § 1983 actions . . . from the reach of the PLRA's 'three strikes' proviso simply because the cases included unexhausted habeas claims.").  "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suits."  *Id*. (quotation omitted).  Assessing a strike in cases like this prevents litigious prisoners from "immuniz[ing] frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits."  *Id.*; *see also, e.g.*, *Jackson v. Dallas Cnty. Jail*, No. 3:21-cv-00149-G, 2021 WL 5016882, at *9 (N.D. Tex. Oct. 8, 2021), *report and recommendation adopted*, No. 3:21-cv-0149-G, 2021 WL 5014317, at *1 (N.D. Tex. Oct. 27, 2021) (severing habeas claims, dismissing § 1983 claims, and assessing a strike under § 1915(g)).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is advised that, if he receives three strikes, "he may

6

not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

    **SO ORDERED**, this 30th day of September, 2024.

                                              s/David Bramlette
                                              UNITED STATES DISTRICT JUDGE